Robert Lee **BROWN**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. WD 32607.

Missouri Court of Appeals,
Western District.

Feb. 9, 1982.

Allan R. Culp, Kranitz & Kranitz, P.C., St. Joseph, for appellant.

John Ashcroft, Atty. Gen., Nancy Kelley Baker, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C. J., Presiding, and KENNEDY and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Robert Lee Brown appeals from the denial of his 27.26 motion to set aside a 1975 conviction and the sentence of 45 year confinement thereunder. That conviction was entered pursuant to a plea of guilty. Brown's points on this appeal are that the trial court erred in: (1) finding that his guilty plea was made voluntarily; and (2) denying an evidentiary hearing. Neither point carries persuasion.

Brown claims that his plea was not made voluntarily because he did not understand that the charge against him was under Section 559.180, RSMo 1969 [1] (which was in effect at the time of sentencing), rather than Section 559.190 [2] (then in effect). The practical significance between a

1. Section 559.180, now repealed, provided: "Every person who shall, on purpose and of malice aforethought, ... assault or beat another ... shall be punished by imprisonment in the penitentiary not less than two years."

2. Former Section 559.190 provides: "Every person who shall be convicted of an assault with intent to kill, or to do great bodily harm, or to commit any robbery ... shall be punished by imprisonment in the penitentiary not exceeding five years...."

charge under 559.180 and 559.190 is that under the former Brown could have been sentenced to as much as life imprisonment, while under the latter section the maximum sentence would have been only five years. So, if Brown had the reasonable belief that the crime charged against him was under Section 559.190, then the sentence of 45 years here would have been improper and excessive.

However, the record in this case shows that the information plainly charged Brown under Section 559.180. The allegation read that: "ROBERT LEE BROWN, did willfully, unlawfully and feloniously and *with malice aforethought*, make an assault...." (Emphasis added). Moreover, the transcript of the plea proceeding shows that Brown had been fully advised of and fully understood the difference between the two statutory sections and that he was under a charge which bore a maximum punishment of life imprisonment. The trial court on this proceeding found, "that the pleadings and record and the transcript convinces the Court that the movant voluntarily and knowingly, with a knowledge of the consequences and range of punishment, pleaded guilty...." That finding is not clearly erroneous and is therefore entitled to affirmance under Rule 27.26(j).

■ With respect to the denial of an evidentiary hearing, Brown's claim that his plea was not voluntarily made is refuted by the record. Accordingly an evidentiary hearing is not required. Rule 27.26(e); *Roebuck v. State*, 607 S.W.2d 872 (Mo.App. 1980).

■ However, as pointed out by Brown's counsel who was specially appointed for purposes of this appeal, the judgment as entered is ambiguous. The judgment of conviction contains immediately after the caption a heading: "Felonious Assault With Intent To Do Great Bodily Harm." In the body of the judgment this recital appears: "the defendant ... enters plea of guilty to Felonious Assault With Intent To Do Great Bodily Harm as charged in the Information." The judgment then goes on to find, "that the defendant's plea of guilty is vol-

untary and that the said defendant is guilty as charged...." Resort to the record as a whole resolves the ambiguity, and the transcript of the plea proceeding shows that all parties including the sentencing judge were fully aware that the proceedings were with reference to a charge under Section 559.180, thus eliminating any possibility of judicial error. Nevertheless, the existing facial ambiguity in the judgment should be removed. The trial court has that power of correction under Rule 29.12. *Brager v. State*, 625 S.W.2d 892 (1981).

We affirm the judgment with directions that the trial court amend the record entry to show Brown's conviction and sentence for the offense of assault with malice aforethought with intent to do great bodily harm in violation of Section 559.180.

All concur.