Claude J. **BAYTE,** Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 14337.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 19, 1986.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Oct. 2, 1986.

Jon Van Arkel, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

FOREST W. HANNA, Special Judge.

Claude J. Bayte was charged with the crimes of burglary, stealing, and escape. He pleaded guilty to all charges and received sentences totaling eleven years with some of the sentences being imposed consecutively. The pleas were entered on July 15, 1981, before Judge Charles V. Barker of Hickory County.

A little over three years later, Bayte filed a pro se Rule 27.26 [1] motion alleging that his guilty pleas were involuntarily made. An attorney was appointed for Bayte and a supplemental motion was filed in February of 1985. The motion court made findings of fact and conclusions of law based upon the record in the case. An evidentiary hearing was denied.

On appeal, Bayte first alleges the motion court erred in denying him an evidentiary hearing because there was no factual basis for the pleas made.

■ A search of the pro se and lawyer-amended Rule 27.26 motions filed with the motion court does not reveal an allegation of the complaint now raised by Bayte was ever made to the trial court. The transcripts of the three guilty pleas refute Bayte's claim. Each guilty plea includes a written questionnaire which Bayte answered in writing. It includes a statement by his attorney that he had read Bayte's written answers and believed that Bayte fully understood the statement. One of the questions asked Bayte to state in his own words just what happened. As to the

---

**1.** All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

charge of escape, Bayte wrote, "I didn't remember what really happened but as far as I know I did just about anything that is against me." This written answer prompted the trial court to ask, "You say you don't know what happened. Now did you escape or did you not?" Bayte replied, "Yes sir."

This answer was obviously taken by the trial court to mean that Bayte did escape, but standing alone, that answer is indefinite. However, the record shows that 1) Bayte understood the charge against him, 2) that he entered a plea of guilty to the charge of escape, 3) there was a plea bargain and Bayte understood that bargain, and 4) Bayte had plenty of time to discuss the plea with his attorney, or anyone else that he might wish. Further, Bayte testified that he had the opportunity to discuss the facts surrounding the offense with his attorney, family members, and friends, and that he needed no further time to discuss the matter with any of those individuals. He also testified in the written questionnaire that he had given his attorney all of the facts concerning the alleged offense and was satisfied with the advice given to him by his attorney. Finally, Bayte advised the trial court that the answers he gave to the questions were given voluntarily and of his own free will, and that he did not have any question concerning his rights or the consequences of his plea of guilty.

Bayte's constitutional and statutory rights were explained to him by the trial court, and it is apparent that he voluntarily agreed to waive each and every one of those rights. The trial court had sufficient evidence to determine there was a factual basis for the plea to the escape charge. It is not required that there be an expressed admission of guilt. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970), *Row v. State*, 680 S.W.2d 418, 419 (Mo.App.1984).

This court, in *Sales v. State*, 700 S.W.2d 131 (Mo.App.1985), addressed the same technical rule violation and concluded that the transcript alone developed a sufficient basis for the trial court to have determined there was a factual basis for the plea. The point is denied.

■ The other two charges to which Bayte pleaded guilty were burglary and stealing. In one burglary and stealing case, Bayte admitted he broke into a store in Quincy, Missouri, and took items from that store. In the other case, the questionnaire answered by Bayte said he did not remember what happened but that he did enter the place and removed "tools and things." In both of the burglary and stealing cases, there was the same review of Bayte's understanding of the charges, his rights, and his discussions of the facts with his attorney and others. Those facts, coupled with his handwritten statement to the court about the facts of the burglary and stealing charges, are sufficient to form a factual basis. The point is denied.

■ Next, Bayte alleges that he did not understand the consequences of his plea because of his lack of understanding of the sentences imposed. Specifically, Bayte claims he was to receive a single eleven-year sentence on each of the five charges, rather than accumulative or consecutive sentences totalling eleven years. Bayte did not explain to the motion court or this court in what manner he was prejudiced. In addition, the record clearly refutes this allegation.

In the three cases (five separate crimes), the record shows the plea agreements were discussed with Bayte. It was explained to him that the sentences would run "consecutively," "concurrently," and "in addition to" each other, depending upon different portions of the agreement. Each of the five sentences were explained to Bayte and he told the trial court he understood. It was clearly understood that the total was eleven years and that some of the sentences were to be served consecutively. The motion court found that the record refuted Bayte's charge. We agree. The point is denied.

Rule 27.26(e) mandates an evidentiary hearing if issues of material fact are raised in the motion, and if the allegations thereof

**548**

directly contradict the verity of the records of the court. *Brown v. State,* 628 S.W.2d 722, 724 (Mo.App.1982). Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.-26(j); *Moore v. State,* 637 S.W.2d 275, 276 (Mo.App.1982). An evidentiary hearing was not necessary as the trial transcript clearly refutes the fact allegations in the 27.26 motion. The findings and conclusions of the trial court are not clearly erroneous.

The judgment is affirmed.

GREENE, P.J., and HESS, Special Judge, concur.