**34**

Felix BRIGGS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41889.

Missouri Court of Appeals,
Western District.

May 29, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 3, 1990.

David S. Durbin, Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

Appellant, Felix Briggs, appeals the denial of his motion for post-conviction relief under Rule 24.035. Appellant's sole argument is that the motion court erred in denying his motion because the trial court lacked jurisdiction over him in that he was illegally extradited from the State of Florida to the State of Missouri.

Appellant was charged by information in the Circuit Court of Jackson County, Missouri, with burglary in the second degree and stealing over $150. When appellant failed to appear for trial, scheduled for February 1, 1988, his bond was revoked and a warrant for his arrest was issued.

On August 17, 1988, appellant was arrested in Florida on a fugitive warrant. On August 24, 1988, appellant signed a waiver of extradition form which represented that appellant was wanted by the State of Kansas upon a fugitive warrant charging him with burglary and grand theft. On August 26, 1988, appellant was returned to Kansas City, Missouri.

On September 28, 1988, appellant appeared before a judge in the Circuit Court of Jackson County and plead guilty to the charge of burglary in the second degree and stealing. Appellant was subsequently sentenced to four years' imprisonment on each count to run concurrently. Appellant alleges that the trial court lacked jurisdiction over him because the waiver of extradition form he signed applied exclusively to the State of Kansas.

It has long been held by the United States Supreme Court that one cannot challenge a court's jurisdiction by the means of which he was brought into the state. *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). In *Frisbie*, the United States Supreme Court stated that the power of a court to try a person for a crime is not impaired by the fact that he had been brought within the court's jurisdiction by means of forcible abduction. 72 S.Ct. at 511–512.

The Missouri Supreme Court has also addressed the issue raised by appellant herein. In *Watson v. State*, 475 S.W.2d 8, 12 (Mo.1972), the court held that a Rule 27.26 action is not to be used to inquire into the validity of extradition proceedings under which appellant has been returned to this jurisdiction. More recently the court held that when an accused has been brought within the custody of the demanding state, the legality of extradition is no longer a proper subject of any legal attack

by him. *State v. Williams,* 652 S.W.2d 102, 109 (Mo. banc 1983).

The judgment of the trial court is affirmed.

All concur.