**James D. TREHAN, Jr.,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 18803.

Missouri Court of Appeals,
Southern District,
Division Two.

March 15, 1994.

Raymond L. Legg, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Judge.

Movant appeals the denial of his Rule 24.-035 [1] motion without an evidentiary hearing. He raises issues concerning the sufficiency of the motion court's findings of fact and conclusions of law, as well as the denial of his request for an evidentiary hearing.

On March 27, 1987, Movant pleaded guilty to a charge of receiving stolen property in violation of § 570.080. He was sentenced to seven years, but execution of that sentence was stayed and he was placed on supervised probation. In September 1990, his probation was revoked and he was ordered to serve the sentence previously imposed. In November 1990, he filed a pro se Rule 24.035 motion to vacate his judgment and sentence. Thereafter, appointed counsel filed an amended motion, which was denied by the motion court without an evidentiary hearing and without making findings of fact and conclusions of law. This court, in *Trehan v. State*, 835 S.W.2d 427 (Mo.App.1992), remanded the case to the motion court for a determination of whether appointed counsel had abandoned Movant, also noting that although the authorities are divided it is better practice to issue findings of fact and conclusions of law on all issues presented. *Id.* at 430.[2]

Thereafter, the motion court found that Movant had been abandoned by counsel and appointed new counsel who filed another amended Rule 24.035 motion. In that motion, which is the subject of this appeal, Movant alleged, among other things, that his guilty plea was not knowingly, voluntarily, and intelligently entered because trial counsel informed Movant that unless he pleaded guilty the State would amend the charge and

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Movant's Motion to Transfer Record on Appeal by which he requested that we transfer the records from the original appeal to this appeal was taken with the case. That motion is sustained.

prosecute him as a prior offender, resulting in his being required to serve a minimum of forty percent of his sentence, whereas that could be done only if the charge was a Class A or B felony and not a Class C felony with which he was charged; trial counsel failed to investigate three potential witnesses who would have testified that when he purchased the items in question he did not know they were stolen; and the trial court accepted his plea without determining that a factual basis existed for it.

The motion court denied Movant's request for an evidentiary hearing and entered the following order:

> The Court finds that Judge Whipple, after inquiring of the defendant on taking the plea of guilty, made specific findings that there was a factual basis for the plea and that the defendant knowingly, voluntarily and understandingly entered the plea of guilty.
>
> The defendant admitted that he committed the offense as charged.
>
> The defendant admitted that he accepted the plea offer because he was guilty.
>
> The record supports a factual basis for the plea.
>
> Therefore, the Court finds Movant is entitled to no relief. Motion overruled.

■ Appellate review of the court's action on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court were clearly erroneous. Rule 24.035(j). The court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Short v. State*, 771 S.W.2d 859, 863 (Mo.App. 1989).

■ Movant contends that the motion court erred in failing to grant an evidentiary hearing on matters concerning the alleged ineffectiveness of his trial counsel. After a

guilty plea, however, effectiveness of counsel is relevant only if it affects the voluntariness of the plea. *Kline v. State*, 704 S.W.2d 721, 722 (Mo.App.1986). In order to be entitled to an evidentiary hearing, a movant must (1) allege facts, not conclusions which, if true, would warrant relief; (2) the facts must raise matters not refuted by the files and record in the case; and (3) the matters complained of must have resulted in prejudice. *Short v. State*, 771 S.W.2d at 863. In order to show prejudice, a movant must demonstrate a reasonable probability that, but for the errors or ineffectiveness of counsel, he would not have pleaded guilty and would have insisted on a trial. *Perryman v. State*, 755 S.W.2d 598, 601 (Mo.App.1988); *Kline v. State*, 704 S.W.2d at 722 (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

■ Movant argues that he should have been granted an evidentiary hearing because his amended motion alleged that trial counsel "failed to contact, investigate and call" three witnesses who would have refuted that he "knowingly received stolen property by testifying they were present during the sale and there was no discussion about the items being stolen." An evidentiary hearing is not required if the files and record of the case conclusively show that movant is entitled to no relief. Rule 24.035(g); *Grove v. State*, 772 S.W.2d 390, 394 (Mo.App.1989).[3]

In the instant case, Movant's claim is refuted by the record of his guilty plea. At that time, he was informed by the trial court that he had a right to subpoena witnesses who had evidence which would show he was not guilty. He also testified as follows:

Q. Do you understand your Right to subpoena witnesses in your own defense?

A. Yes, sir.

Q. Do you waive that Right?

A. Yes, sir.

. . . .

---

**3.** The testimony which the witnesses allegedly would have given related to whether Movant knew the items were stolen when he received them. Section 570.080 makes it a violation to retain or dispose of, as well as receive, property of another knowing or believing that it has been stolen. *See State v. Supinski*, 779 S.W.2d 258, 264 (Mo.App.1989). Movant was charged with keeping and/or disposing of such property. Under these circumstances the testimony would not have been determinative.

Q. Is this plea entered into by you freely and voluntarily?

A. Yes, sir.

Q. Is it entered into by you for the reason that you're guilty of the offense you're charged with?

A. Yes, sir.

Q. You're represented by Mr. Smith. Are you satisfied with his representation of you in this case?

A. Yes, sir.

Q. Has he done for you everything you've asked him to do in regards to representing you in this case?

A. Yes, sir.

Q. Has he failed to do for you anything you've asked him to do in acting as your attorney in this case?

A. No, sir.

In *Boxx v. State*, 857 S.W.2d 425 (Mo.App. 1993), movant alleged that ineffectiveness of counsel in failing to subpoena witnesses for trial caused him to plead guilty. The court said:

Defendant's claim of ineffective assistance of counsel for failure of his trial counsel to subpoena witnesses is refuted by the record. Defendant admitted the crime under oath. Therefore, testimony of witnesses who state he did not commit the crime would be of little benefit. Also, at the time of the plea hearing, Defendant would have known his trial counsel failed to subpoena his witnesses. Yet, he stated he was satisfied with his trial counsel's services. He also stated no one was forcing him to plead guilty or promising him anything in return for his plea. Defendant's belated claim of ineffective assistance of counsel is waived.

*Id.* at 427. The same reasoning applies in the instant case. *See also Townsend v. State*, 854 S.W.2d 496, 497–98 (Mo.App.1993).

■ In addition, Movant's amended motion, after alleging that trial counsel failed to investigate the potential witnesses, stated that "[h]ad trial counsel investigated and realized that movant had a defense to the charge of receiving stolen property, there is a reasonable probability a recommendation would not have been made that movant enter a plea of guilty and the result . . . would have been different." This does not amount to an allegation that Movant would not have pleaded guilty but for the alleged ineffectiveness of counsel. In a guilty plea situation, an evidentiary hearing is not required in the absence of such an allegation. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979); *Grove v. State*, 772 S.W.2d at 395; *Looney v. State*, 755 S.W.2d 692, 697 (Mo.App.1988).

Movant also contends he was entitled to an evidentiary hearing because of the allegation in his amended motion that trial counsel was ineffective by telling him that the State would amend the information and also charge him as a prior offender, with the result that he would be required to serve a minimum of forty percent of his sentence pursuant to § 558.019, when in fact that statute applied only to Class A or B felonies and not to a Class C felony with which he was charged. He alleges that he "was prejudiced because this coercive action taken by trial counsel resulted in movant not entering a knowing, voluntary or intelligent plea" and that "[h]ad trial counsel properly advised movant on the sentencing statutes as they applied to his case, there is a reasonable probability that the result of Camden County Case Number CR286–2371FX would have been different."

■ To be entitled to an evidentiary hearing, however, a movant, among other things, must plead "facts, not conclusions, which, if true, would entitle him to relief." *Rice v. State*, 585 S.W.2d at 492; *Short v. State*, 771 S.W.2d at 863. In addition, movant's reliance on the alleged advice must have been reasonable. *Torrence v. State*, 861 S.W.2d 149, 150 (Mo.App.1993); *Holt v. State*, 811 S.W.2d 827, 828 (Mo.App.1991).

■ With reference to the instant contention, Movant did not allege and the record does not reflect that he was a prior offender within the definition of § 558.019 and therefore could possibly have been misled. Likewise, there is no allegation that he was unaware of the falsity of these statements when they were made. Such proof would be necessary for Movant to succeed on this allegation at an evidentiary hearing. Also, it should have been pleaded. The amended motion is further lacking because it contains no allega-

tion that the guilty plea would not have been entered except for this misinformation.[4] In the absence of such allegations, we conclude that the motion court did not err in denying an evidentiary hearing on this point.

Movant also contends that the motion court erred in denying his amended motion without an evidentiary hearing because a factual basis for the charge of receiving stolen property was not established at the guilty plea hearing. This contention is apparently based on Movant's claim that there was no evidence that he knew or believed that any of the items of property had been stolen, and therefore his plea should have been rejected.

Movant relies on *Jones v. State*, 758 S.W.2d 153 (Mo.App.1988), for the proposition that a guilty plea cannot be accepted unless a factual basis for it is established. In that case, the court noted that the charge was not read to defendant, there was no mention of what had allegedly occurred, and there was no indication that defendant was aware of the facts on which the state would rely to establish his guilt. The *Jones* case, however, distinguished *Sales v. State*, 700 S.W.2d 131 (Mo.App.1985), decided by this court. It noted that, unlike *Jones, Sales* involved a situation where the court expressly established that defendant understood the charges against him, had discussed the charges with his counsel, and said there was nothing about the case that he did not understand.

In the instant case, the information was read to Movant, which included the allegation that " . . . the defendant with the purpose to deprive the owner of a Browning .22 pistol, and a stereo booster, kept and/or disposed of such property of a value of at least one hundred fifty dollars, knowing or believing that it had been stolen." Thereafter, the following occurred:

COURT: Mr. Trehan, do you understand what you're charged with?

TREHAN: Yes, sir.

 . . . .

COURT: It says you kept or disposed of the property knowing or believing that it had been stolen. Is that correct?

A. I never asked and he never told me one way or the other, so—

 . . . .

Q. What was the price?

A. Fifty dollars for the pistol, and thirty for the booster.

 . . . .

Q. Is there anything about the Information that you don't understand?

A. No, sir.

 . . . .

Q. Is this plea entered into by you freely and voluntarily?

A. Yes, sir.

Q. Is it entered into by you for the reason that you're guilty of the offense you're charged with?

A. Yes, sir.

 Movant points to the fact that he equivocated about whether he knew the property was stolen when he obtained it. As said in *Bird v. State*, 657 S.W.2d 315 (Mo. App.1983), "it is not necessary that the movant admit to, or even believe, the veracity of the elements of the charges against him in order for his guilty plea to be valid. [Citations omitted.] In this respect, all that is necessary is that the plea be knowing and voluntary." *Id.* at 316. A guilty plea is not involuntary even though the accused maintains his innocence, so long as it represents a voluntary choice of alternatives available to him. *Pippenger v. State*, 794 S.W.2d 717, 721 (Mo.App.1990). In the instant case, Movant assured the trial court that he understood the allegations contained in the information and, after being informed of his alternatives, he entered a plea of guilty, telling the court specifically that he was guilty of the offense with which he was charged. Under these circumstances, Movant's contention is refuted by the record, and his rights were not violated by the motion court's denial of an evidentiary hearing.

4. The fact that there is no such allegation is highlighted by Movant's brief in which he argues that "[t]his misinformation could very well have affected appellant's decision to plead. Had he known that the state could not have charged him as a prior offender . . . appellant very well may have insisted on going to trial."

Movant also alleges that the motion court erred in failing to enter "timely and specific written findings of fact and conclusions of law."[5] Specifically, he contends the motion court failed to address two of the allegations in his amended motion mentioned earlier in this opinion, to wit: failure of counsel to interview three witnesses, and counsel's statement that the State would charge Movant as a prior offender.

 It is the duty of the motion court to make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. Rule 24.035(i); *Huffman v. State*, 668 S.W.2d 255, 256 (Mo.App.1984).[6] In the instant case, Movant is correct in his contention that the motion court's findings of fact and conclusions of law did not include reference to these two allegations.

As indicated earlier in this opinion, the allegations of the amended motion referring to these two complaints were insufficient. No error results from failure to make findings of fact and conclusions of law on claims that are not properly raised or are not cognizable in such a proceeding. *See State v. Jennings*, 815 S.W.2d 434, 449 (Mo.App. 1991); *Recklein v. State*, 813 S.W.2d 67, 69 (Mo.App.1991); *Foster v. State*, 809 S.W.2d 863, 866 (Mo.App.1991); *Balow v. State*, 796 S.W.2d 643, 646 (Mo.App.1990). In *Robinson v. State*, 785 S.W.2d 323, 324 (Mo.App. 1990), it was held that reversal was not required for an alleged insufficiency in the findings of fact and conclusions of law where the motion itself was insufficient and, therefore, ineffective. ·

We also noted earlier in this opinion that the allegation that counsel was ineffective because he failed to interview the three witnesses was refuted by the record. Failure of the motion court's findings of fact and conclusions of law to specifically refer to an allegation which is refuted by the record does not necessarily result in error. *See Recklein v.*

*State*, 813 S.W.2d at 69, and *State v. Jennings*, 815 S.W.2d at 449.

 While it is better practice for the motion court to address each of the individual contentions raised in a Rule 24.035 motion, we find no error in the instant case requiring a remand. Here, the pleaded allegations were insufficient or were refuted by the record and Movant was not, therefore, entitled to an evidentiary hearing. Under such circumstances, an order remanding the case to the motion court for further proceedings would be a useless act. *See State v. Jennings*, 815 S.W.2d at 449–50; *Balow v. State*, 796 S.W.2d at 646. For the reasons stated, the record is sufficient for us to determine that the motion court's action was not clearly erroneous.

The judgment is affirmed.

PREWITT and CROW, JJ., concur.

---

**5.** While Movant's point relied on refers to the timeliness of the court's ruling, Movant does not pursue any such contention in his argument. It is therefore abandoned. *Newberry v. State*, 812 S.W.2d 210, 211 (Mo.App.1991).

**6.** Rule 27.26 was the predecessor to Rule 24.035. It is appropriate to refer to cases interpreting Rule 27.26 for authority in interpreting requirements under Rule 24.035. *Holloway v. State*, 764 S.W.2d 163, 164 (Mo.App.1989).