Howard SKAGGS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 69023.

Missouri Court of Appeals,
Eastern District,
Division One.

April 9, 1996.

David Simpson, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Mary Moulton Bryan, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Howard Skaggs (movant) appeals a denial of his Rule 24.035 motion for post conviction relief without an evidentiary hearing. The motion court imposed consecutive four year sentences on charges of unlawful use of a weapon, § 571.030 RSMo Cum.Supp.1993, and escape from custody, § 575.200 RSMo 1986. We affirm.

Movant contends the motion court erred in failing to follow Rule 24.02(e); an error which denied him due process rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Missouri Constitution. Specifically, he claims the motion court violated Rule 24.02(e) with respect to both charges because the plea court failed to determine there was a factual basis for his guilty pleas.

We review in accord with Rule 24.035(j); *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992) and *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993). Rule 24.02(e) mandates "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." "No evidentiary hearing is automatically necessary to determine whether the record contains a factual basis for each guilty plea as required by Rule 24.02(e)." *Hoskin v. State,* 863 S.W.2d 637, 639 (Mo. App.1993). A review of the plea hearing can resolve such an issue. *Id.* The plea court must reject a guilty plea if the facts do not establish an offense. *Green v. State,* 829 S.W.2d 629, 630 (Mo.App.1992).

The requirements of Rule 24.02(e) are intended to protect defendant's rights. However, the failure to meet those requirements does not automatically deny due process rights. Due process is satisfied by an informed, knowing and voluntary plea by a defendant who is effectively represented by counsel. *See, McMann v. Richardson,* 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970).

With regard to movant's unlawful use of a weapon charge, the motion court developed a factual basis for accepting the guilty plea. The following dialogue took place during the plea hearing:

THE COURT: Now, I'm going to read to you the essential elements of the charge against you to see if you understand each essential element, and to see if you admit each essential element and to see if you admit each essential element. The essential elements of the unlawful use of a weapon charge, Howard, against you reads as follows: (At this time the Court read the essential elements of the charge to Defendant Skaggs at this time.) [1]

Q. Now, Howard, do you understand each essential element of that charge?

DEFENDANT SKAGGS: Yes, sir.

Q. And do you admit each essential element of the charge I read to you?

DEFENDANT SKAGGS: Yes, sir.

Movant contends the court failed to determine a factual basis for the unlawful use of a weapon charge because the .357 pellet pistol he possessed was not factually determined to be "readily capable of lethal use."

Movant's argument is without merit. He understood and admitted to the charge of unlawful use of a weapon and each element essential to that charge. He acknowledged he "EXHIBITED IN THE PRESENCE OF ONE OR MORE PERSONS, A .357 PELLET PISTOL, A WEAPON READILY CAPABLE OF LETHAL USE, IN AN ANGRY OR THREATENING MANNER." He admitted he "flashed a pistol on somebody" by "waiv[ing] it out the window of a car." He acknowledged that he acted in an "angry and threatening manner." A pellet pistol may be used to cause death or serious physical injury. *City of Grandview v. Madison,* 693 S.W.2d 118, 119 (Mo.App.1985).

On the issue of escape after arrest, the motion court developed a factual basis for

1. We assume the court read the charge from the Information.

the offense. At the plea hearing, the following conversation transpired:

> THE COURT: In regard to the escape charge that occurred on the 21st day of March, 1994, tell me what you did that led to that charge being filed against you?
>
> DEFENDANT SKAGGS: I ran out of the Park Hills Police Department.
>
> THE COURT: *You had been arrested* for unlawful use of a weapon at that time?
>
> DEFENDANT SKAGGS: *Yes.*
>
> THE COURT: So, you had escaped from their custody at the police department?
>
> DEFENDANT SKAGGS: Yes, sir. (Our emphasis).

Movant understood and acknowledged the charge and each element essential to the charge. He admitted he ran out of the police department after he had been placed under arrest for unlawful use of a weapon. The plea record rebuts movant's claim on the escape after arrest charge. The factual basis for a plea may be developed by the transcript alone. *Bayte v. State,* 717 S.W.2d 545, 547 (Mo.App.1986).

We hold the findings, conclusions, and judgment of the motion were not clearly erroneous. The court detailed the elements of each charge for the benefit of movant. The guilty pleas were offered as part of a complex plea bargain. Movant acknowledged a violation of each element of each charge. The state agreed that in exchange for a plea on these charges it would dismiss another unlawful use of a weapon case, dismiss a failure to appear case, dismiss a tampering first degree case, not prove up persistent offender status, and agree to a "ten year cap." The agreement resolved all matters except the length and form of sentences. The state requested consecutive five year sentences on each charge. Movant was "free" to request concurrent sentences. Instead, the court imposed consecutive four year sentences.

We affirm.

REINHARD, P.J. and GRIMM, J., concur.