Robert Dale **GALLIMORE**,
Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 20614.

Missouri Court of Appeals,
Southern District,
Division One.

June 24, 1996.

---

Irene Karns, Asst. Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Judge.

Appellant (Movant) entered an Alford plea to pharmacy robbery (§ 569.025, RSMo 1994) and armed criminal action (§ 571.015, RSMo 1994), and was sentenced to concurrent prison terms of twenty-five years each. He subsequently filed a *pro se* motion for postconviction relief pursuant to Rule 24.035, which was amended by appointed counsel. This appeal is from the denial of such relief without an evidentiary hearing.

In his *pro se* and amended motions, Movant contended that he was returned to Missouri following his arrest in Oklahoma without receiving or waiving proper extradition proceedings, and consequently, Missouri lacked jurisdiction to try him. In his sole point on this appeal, Movant contends that the motion court clearly erred in denying his motion without an evidentiary hearing because his motion stated facts, which were not refuted by the record, and which, if proven, would establish that the trial court was without jurisdiction to take his plea. He asks that we reverse the motion court's order and remand the case with directions that an evidentiary hearing be held.

■ Our review of the denial of postconviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k). Such findings and conclusions are deemed clearly erroneous only if a full review of the record leaves us with the definite and firm impression that a mistake has been made. *Trehan v. State,* 872 S.W.2d 156, 158 (Mo.App. S.D.1994). In order to be entitled to an evidentiary hearing, a movant must (1) allege facts, not conclusions, which, if true, would warrant relief; (2) the facts must raise matters not refuted by the files and record in the case; and (3) the matters complained of must have resulted in prejudice. *Id.*

■ Movant's motion did not allege facts which, if true, would warrant relief. The Missouri Supreme Court has held that a postconviction proceeding may not be used to inquire into the validity of extradition proceedings under which a defendant was returned to this state. *Watson v. State,* 475 S.W.2d 8, 12 (Mo.1972).[1] *See also O'Neal v. State,* 724 S.W.2d 302, 303 (Mo.App. S.D. 1987). In *Watson,* the court said:

> Furthermore, even assuming movant was returned to Missouri by forcible abduction and in violation of the extradition laws, the

---

1. This case was decided under prior Rule 27.26, which was the predecessor to Rule 24.035. The language denoting the scope and nature of Rule 27.26 was almost identical to Rule 24.035. *Loewe v. State,* 778 S.W.2d 331, 333 (Mo.App. E.D.1989). It is appropriate to refer to cases interpreting Rule 27.26 for authority in interpreting the requirements of Rule 24.035. *Trehan v. State,* 872 S.W.2d at 161 n. 6.

power of the circuit court to try movant for a crime committed within its territorial jurisdiction is not impaired.

475 S.W.2d at 12. When an accused has been brought within the custody of the demanding state, the legality of extradition is no longer a proper subject of any legal attack by him. *State v. Williams,* 652 S.W.2d 102, 109 (Mo.banc 1983). *See also Huffman v. State,* 487 S.W.2d 549, 553 (Mo.1972); *State v. Johnson,* 457 S.W.2d 762, 764 (Mo.1970); *Briggs v. State,* 792 S.W.2d 34, 34–35 (Mo. App. W.D.1990).

The order denying Movant's motion without an evidentiary hearing is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.