### Tony VANN, Movant–Appellant,

v.

### STATE of Missouri, Respondent.

### No. 21624.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 22, 1998.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for Movant–Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

PARRISH, Presiding Judge.

Tony Vann (movant) was convicted, following pleas of guilty, of the class A felonies of robbery in the first degree, § 569.020,[1] and armed criminal action, § 571.015. He filed a *motion for post-conviction relief as permitted by Rule 24.035 contending, inter alia, that the trial court in his criminal case failed to establish a factual basis for his pleas of* guilty. The motion court denied movant's motion.

Movant presents one point on appeal. He contends the motion court erred in denying his Rule 24.035 motion because the record of his guilty pleas does not disclose facts to support the state's claim that he committed the offenses with which he was charged. Movant argues he was denied due process of law; that the record of his guilty plea hearing does not disclose that the trial court ascertained a factual basis for the pleas of guilty he entered as required by Rule 24.02(e).

This court reverses the judgment denying movant's Rule 24.035 motion and remands with directions for the reason that the record of the guilty plea hearing in the underlying criminal case that was before the motion court was incomplete.

Rule 24.02(e) states:

The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea.

The transcript of the guilty plea hearing includes the following:

THE COURT: I'm going to read the charge to you, Mr. Van [sic]. Count I of robbery in the first degree.

(Court reads charge.)

Now, do you understand that Count I charge of robbery in the first degree that I just read to you?

[MOVANT]: Yes, sir.

THE COURT: And is that the charge to which you wish to plead guilty today?

[MOVANT]: Yes, sir.

THE COURT: By pleading guilty to this charge, are you admitting to the Court you committed this act?

[MOVANT]: Yes.

THE COURT: By pleading guilty to this charge, are you telling me you are in fact guilty of this crime?

[MOVANT]: Yes, sir.

---

1. References to statutes are to RSMo 1994.

THE COURT: Count II of armed criminal action.

(Court reads charge.)

Now, do you understand this Count II charge of armed criminal action that I just read to you?

[MOVANT]: Yes, sir.

THE COURT: Is that the charge to which you wish to plead guilty today?

[MOVANT]: Yes, sir.

THE COURT: By pleading guilty to this charge, are you admitting to the Court you committed this act?

[MOVANT]: Yes, sir.

THE COURT: By pleading guilty to this charge, are you telling me you are in fact guilty of this crime?

[MOVANT]: Yes, sir.

The record of the guilty plea hearing contains no other reference to acts movant was alleged to have committed nor does it reveal any discussion or statement of the elements of the criminal offenses charged. There is no other disclosure of facts on which the state relied in filing criminal charges against movant.

Movant argues that the court reporter's reference, "Court reads charge," does not disclose that the court stated anything to defendant other than, perhaps, "robbery in the first degree" or "armed criminal action." He contends it cannot be assumed from this reference in the record that even the elements of the offenses charged were identified. This court agrees.

Rule 24.03 requires, in pertinent part:

When a defendant enters a plea of guilty to a felony, the court reporter shall:

(a) Record accurately all courts [sic] proceedings in connection with the plea;

(b) Prepare a transcript of such proceedings when the sentence imposed requires delivery of the defendant to the department of corrections on a felony, except any class C or class D felony. . . .

(c) Certify the accuracy of the transcript of the proceedings and immediately deliver the certified transcript to the circuit clerk;

. . .

The circuit clerk shall note the filing of the certified transcript in his record and shall place the same, as a part of the permanent record of the case, in the file containing the indictment or information.

■ The direction for a court reporter to "[r]ecord accurately all courts proceedings" requires a *verbatim* record to be made. *Verbatim* means word for word.

Rule 24.03 requires a transcript of the hearing to be filed in the criminal case file. Upon this being done, when there is a post-conviction proceeding, the motion court has the transcript available for review upon taking judicial notice of the file in the underlying criminal case.

In this case, the motion court took judicial notice of the file in movant's criminal case. Unfortunately, the transcript of the guilty plea hearing that was part of that file was not a *verbatim* record of what transpired. The court reporter did not include a word-for-word recitation of what was read to movant in order to explain the acts movant was accused of committing, nor did she identify with certainty the source of the words the trial court read. The court reporter simply characterized what the trial court did as, "Court reads charge."

■ As explained in *Row v. State,* 680 S.W.2d 418, 419 (Mo.App.1984), inquiry into the factual basis of a plea of guilty may be made by "any appropriate means." However, the record must demonstrate there was an inquiry. In *Row* this was done by going over the elements of the offense charged, questioning the defendant concerning her understanding of the language included in the formal charge set forth in the information and, thereafter, obtaining the admission that the defendant intentionally committed the acts with which she was charged and about which she was asked. The record disclosed what was asked and what answers were given.

■ Another means for determining a factual basis for a guilty plea is for the prosecuting attorney to be asked to recite the evidence the state would present if the case

were tried and thereafter asking the defendant if he or she understands the facts recited. *See Bounds v. State,* 556 S.W.2d 497, 499 (Mo.App.1977).

It is sufficient that the defendant in a criminal case, by answers to questions, expresses an awareness of the nature and elements of the charge to which he or she pleads guilty. *Jones v. State,* 581 S.W.2d 386, 388 (Mo.App.1979). The record in this case does not disclose that movant was made aware of the elements of the offenses to which he pleaded guilty. It does not identify what the trial court read to him.

The state cites *Skaggs v. State,* 920 S.W.2d 118 (Mo.App.1996), and *Trehan v. State,* 872 S.W.2d 156 (Mo.App.1994), for the proposition that the reading of the information sufficed to establish a factual basis for a charge upon a defendant acknowledging he understood the charges (*Trehan*), and the reading of the essential elements and acknowledgment by a defendant that he understood the elements sufficed (*Skaggs*).

In *Skaggs* the Eastern District of this court found that a factual basis for a criminal charge was established on the basis of a record that recited, "The essential elements of the unlawful use of a weapon charge, ..., against you reads as follows: (At this time the Court read the essential elements of the charge to Defendant....)." 920 S.W.2d at 119. The defendant then answered questions concerning his admission of "each essential element of the charge" that had been read to him, and he admitted "each essential element of the charge" that was read. *Id.* A footnote in *Skaggs* states, "We assume the court read the charge from the Information." *Id.* n. 1.

The procedure the trial court followed in *Skaggs* is not one this court would encourage. Court reporters should not characterize what occurred in a hearing by parenthetical expression. They should report what was said or identify with certainty a particular written document that was read which is part of the court file. The Eastern District, however, was sufficiently satisfied from the record before it in *Skaggs* that the information had been read to that defendant.

In *Trehan* the defendant in the criminal case assured the trial court he understood the allegations set forth in the information. 872 S.W.2d at 160. Unlike in *Skaggs* and *Trehan,* this court cannot ascertain what movant was told or what was read to him.

The record before the motion court was incomplete in view of the omission in the transcript of the guilty plea hearing of what was read or otherwise told movant when he pleaded guilty. That omission should be corrected. *See Jackson v. State,* 514 S.W.2d 532, 533–34 (Mo.1974).

The judgment denying movant's Rule 24.035 motion is reversed. The case is remanded. The motion court is directed to order the transcript of the guilty plea hearing that is part of the file in the underlying criminal case corrected or supplemented to reflect the complete record of the guilty plea proceeding. If there is no further record of that part of the guilty plea hearing, the court reporter should indicate its absence. The motion court shall then enter findings of fact and conclusions of law and judgment consistent therewith.

SHRUM and BARNEY, JJ., concur.