Sidney L. SCHUERENBERG,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 25192.

Missouri Court of Appeals,
Southern District,
Division One.

March 19, 2003.

Kent Denzel, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General Nicole E. Gorovsky, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Sidney L. Schuerenberg ("Defendant") pled guilty, pursuant to a plea agreement, to the class B felony of attempt to manufacture a controlled substance, a violation of Section 195.211.[1] As part of the agreement, the State did not oppose Defendant's request for probation. The court sentenced him to fifteen years imprisonment, with execution of that sentence suspended, and he was placed on probation. Defendant's probation was subsequently revoked and his sentence was ordered executed. He filed a motion for post-conviction relief pursuant to Rule 24.035, which was amended by appointed counsel. In his amended motion, Defendant alleged, *inter alia,* that the trial court accepted his guilty plea without a factual basis for that offense having been demonstrated as required by Rule 24.02(e). After Defendant waived an evidentiary hearing, the motion court denied relief, stating that Defendant had filed a written petition to enter a plea of guilty, had received a copy of the information, and had acknowledged that the facts contained in the information were true. Defendant now appeals that denial.

■ Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings of fact and conclusions of law of the motion court were clearly erroneous. *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000). Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.*

■ In his sole point on appeal, Defendant contends that the motion court clearly erred in denying his Rule 24.035 motion in that there was an insufficient factual basis for his plea of guilty. He argues that the State informed the court only that it would prove the facts alleged in the information, and that, even if he had understood the information, it contained no allegation of the essential element of the offense—that he possessed ephedrine or pseudoephedrine "for the purpose of manufacturing methamphetamine,"—and there were no facts offered to establish that element. Additionally, he argues that no facts were shown establishing that his possession of this substance constituted a substantial step towards the manufacture of methamphetamine.

■ Rule 24.02(e) provides that a "court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." The purpose of this provision is to aid in the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily. *Sales v. State,* 700 S.W.2d 131, 133 (Mo.App. S.D. 1985). Relief under this rule is available

---

1. All references to statutes are to RSMo (2000) and all references to rules are to Missouri Rules of Criminal Procedure (2002), unless otherwise indicated.

only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Id.*

Defendant was charged under Section 195.211. That section provides in pertinent part:

1. Except as authorized by sections 195.005 to 195.425 and except as provided in section 195.222, it is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.

Section 564.011(1) provides:

1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "**substantial step**" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

In considering the sufficiency of the evidence to support a conviction for attempted manufacture of methamphetamine, the Missouri Supreme Court discussed the element of "attempt" in *State v. Withrow*, 8 S.W.3d 75 (Mo. banc 1999). It said that under Section 564.011 "attempt" has two elements: (1) a purpose to commit the underlying offense; and (2) the doing of an act which is a substantial step toward the commission of that offense. *Id.* at 78. Later, it said "[a]n attempt to commit an offense, regardless of whether the attempt is under sec. 564.011 or under separate provisions proscribing attempting a specified crime, means a substantial step toward the commission of an offense." *Id.*

at 80. *See also State v. White*, 14 S.W.3d 121, 125 (Mo.App. W.D.2000).

Defendant argues there is nothing in the record providing a basis on which to find that he had a purpose to manufacture methamphetamine. He argues, therefore, that without the "mental culpability" element of the offense, there was no factual basis upon which to accept his plea pursuant to Rule 24.02(e). In support, he cites *England v. State*, 85 S.W.3d 103 (Mo.App. W.D.2002), in which the court held there was an insufficient factual basis for the plea court to accept the defendant's plea to a charge of assault with intent to kill. Specifically, the court held that the defendant's "Plea Petition," and his statements to the plea court, did not establish that he had a specific intent to kill when he fired gunshots into the victim's house. *Id.* at 109. Accordingly, the court held there were no specific facts elicited to establish that the defendant acted purposefully to cause the victim's death. *Id.*

In the instant case, Defendant signed and presented to the plea court his petition to enter a plea of guilty in which he said that he "possessed pseudoephedrine as a substantial step towards the manufacture of methamphetamine." As indicated above, a "substantial step" is defined in Section 564.011(1) as "conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Therefore, by definition, before there could be a "substantial step" there must be a purpose to commit the offense. Admitting that conduct was a "substantial step" toward the manufacture of methamphetamine also concedes a purpose to commit the offense, in this case, the attempt to manufacture a controlled substance.

Defendant also represented to the plea court, in his petition, that he had received

and read the information filed against him; that he had discussed the charge against him with his attorney and fully understood the charge; that his attorney had counseled and advised him on the nature of the charge; that he knew that the plea court would not permit him to plead guilty if he was innocent, and with that in mind, and because he was guilty, he wished to enter that plea and have it accepted by the court; and that he offered his plea of guilty freely and voluntarily and with a full understanding of all the matters set forth in the information and in the petition to enter the plea.

In open court, the prosecutor informed the plea court and Defendant that the evidence would be as set forth in the information. Defendant, after being sworn, told the plea court that he was familiar with the information as filed, that the facts set forth therein were true, and that he acknowledged his signature on the petition to enter a plea of guilty.

Defendant argues that the prosecutor's reference to the information filed in this case, containing the evidence against him, was insufficient for the purpose of establishing a factual basis for the plea. He cites *Vann v. State*, 959 S.W.2d 131, 132 (Mo.App. S.D.1998), where the court found that the record did not contain a sufficient showing that the plea court made an inquiry into the factual basis for the plea. The record showed that the plea court told the defendant that it was going to read the charge to him. *Id.* The record then said, "(Court reads charge)" without providing a verbatim record of what was read. *Id.* The court asked the defendant if, by pleading guilty to the charge, he was admitting he committed "this act." *Id.* The defendant responded affirmatively to that question. This court noted that the record of the guilty plea hearing contained no other reference to the acts the defendant was alleged to have committed, it did not reveal any discussion or statement of the elements of the offense, and there was no other discussion of facts on which the state relied in filing the charge. *Id.* at 133. We said, however, that "[i]t is sufficient that the defendant in a criminal case, by answers to questions, expresses an awareness of the nature and elements of the charge to which he or she pleads guilty." *Id.* at 134.

Defendant argues that, while the record in *Vann* was silent as to what the defendant was told, here the record shows he was told nothing. This statement misconstrues the nature of the required inquiry at a guilty plea hearing, and the holding in *Vann*. In *Vann*, we said that the inquiry into the factual basis of a plea of guilty may be made by "any appropriate means." *Id.* at 133.

We also distinguished *Vann* from *Trehan v. State*, 872 S.W.2d 156, 160 (Mo.App. S.D.1994), where the defendant assured the trial court he understood the allegations in the information. In *Trehan*, the information was read to the defendant and he told the plea court that he understood what he was charged with; there was nothing in the information that he did not understand; and he was pleading guilty freely and voluntarily because he was guilty of the offense with which he was charged. We held that there was a factual basis for the plea. *Id.*

Similarly, in *Morgan v. State*, 852 S.W.2d 374 (Mo.App. S.D.1993), we held that there was a factual basis for a plea where the defendant was essentially read the information and admitted being guilty of the charge. In doing so we said, "[i]n finding a factual basis for a plea of guilty, no particular ritual is required." *Id.* at 375.

Finally, in *Tate v. State*, 961 S.W.2d 907, 908 (Mo.App. E.D.1998), the court found

there was a factual basis for a guilty plea where the defendant, with the assistance of counsel, filed a petition to enter a guilty plea that recited what he did, acknowledged under oath that he understood the statements in the petition, and stated that they were true and accurate.

In the instant case, Defendant's representation to the plea court that he possessed pseudoephredrine "as a substantial step towards the manufacture of methamphetamine," together with his assurances to the trial court that he had discussed the information with his attorney and understood the charge against him provided a sufficient factual basis for the court to accept his guilty plea. The motion court did not clearly err in denying Defendant's Rule 24.035 motion. The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.