**Roger MYERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 27575.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 27, 2006.

Irene Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Jayne T. Woods, Jefferson City, for respondent.

DANIEL E. SCOTT, Judge.

Movant Roger Myers pleaded guilty to one count of first-degree arson, and was sentenced to seven years' imprisonment, under a plea bargain whereby a second arson charge was dropped. He later sought post-conviction relief, which the motion court (which also was the plea court) denied after an evidentiary hearing. We review to determine if this was clearly erroneous—a standard satisfied only if, after we review the entire record, we are definitely and firmly impressed that a mistake was made. *Barnes v. State*, 160 S.W.3d 837, 838 (Mo.App.2005).

Movant's first point alleges he pleaded guilty because his attorney assured him parole eligibility "in a matter of months," when in fact, first-degree arson is subject to the eighty-five percent rule. RSMo. §§ 556.061 and 558.019.3.[1] The motion court denied this claim because parole eligibility is a collateral consequence of a guilty plea, so counsel was not obligated to advise Movant thereon. But Movant correctly notes the distinction between (1) failing to advise, and (2) affirmatively misleading a client. The latter may constitute ineffective assistance if counsel misled a movant by positive representation(s) upon which the movant actually and reasonably relied. *Watts v. State*, 206 S.W.3d 413, at 416–417 (S.D.Mo.App., 2006).

Although Movant specifically now claims he "reasonably relied on his attorney's mistaken assurance that he would be eligible for parole in a matter of months," we find no such "assurance" or "positive representation" in the record of the evidentiary hearing, guilty plea, or sentencing. Movant phrased his complaint somewhat differently in the motion court—that plea counsel assured Movant "little or no time" on a plea—but the record fails to support that assertion either. Instead, both Movant and his attorney testified at the evidentiary hearing that counsel made no promises or guarantees about parole or how much time Movant might serve. Counsel also specifically denied, without contradiction, the "little or no time" assurance alleged in the amended motion. Thus, Movant is reduced to resting his entire Point I upon this question and answer from plea counsel's cross-examination at the evidentiary hearing:

> Q Did you ever tell him that he could expect or you anticipated he would serve four to six months in the Department of Corrections based on the plea agreement and the time that he would be sentenced to?
>
> A I told Mr. Myers, as I recall, that I could not guarantee to him any particular time that he might spend but if it was a situation where he under certain circumstances could spend a few months but that I couldn't guarantee that to him.

Who knows exactly what this answer means, even considering the surrounding context, but it is no "positive representation" or "assurance" because it begins and ends with disclaimers of any guarantee. This matches Movant's repeated testimony that counsel guaranteed nothing, and likewise negates any claim of reasonable reliance. Point I is denied.[2]

---

1. Unless otherwise indicated, statutory references are to Missouri Revised Statutes (2000), and rule references are to Missouri Court Rules (2006).

2. The State also contends a defendant subject to the 85% rule could actually spend just a few months in prison, if he was returned on a 120–day callback under RSMo. § 559.115. We need not analyze this argument further,

Movant's second point faults the court below for accepting his plea "without first ascertaining if there was a factual basis, as required by Rule 24.02(e)." Movant claims the prosecutor's recital of facts at the plea hearing did not say the dwelling sustained damage, as required for first-degree arson.

We note initially that "Rule 24.02(e) is not constitutionally based; rather, its purpose is to aid in the constitutionally required determination that a defendant enter his or her plea of guilty intelligently and voluntarily." *Price v. State*, 137 S.W.3d 538, 541 (Mo.App.2004). Thus, relief under Rule 24.02(e) is limited to errors of law that are jurisdictional, constitutional, or constitute a fundamental defect that inherently causes a complete miscarriage of justice. *Schuerenberg v. State*, 98 S.W.3d 922, 923–24 (Mo.App.2003).

No particular ritual is required to make a plea's factual basis. *Id.* at 925. For example, there was a factual basis where the defendant was essentially read the information and admitted being guilty of the charge. *Id.*, citing *Morgan v. State*, 852 S.W.2d 374 (Mo.App.1993). A factual basis was found where the defendant, aided by counsel, filed a petition to enter a guilty plea that recited what he did, acknowledged under oath that he understood the statements in the petition, and stated they were true and accurate. *Schuerenberg*, 98 S.W.3d at 925–26, citing *Tate v. State*, 961 S.W.2d 907 (Mo.App.1998). A factual basis was made where the information clearly charged all elements of the crime, the nature of the charge was explained to the defendant, and the defendant admitted guilt. *Rios v. State*, 848 S.W.2d 638, 640 (Mo.App.1993), citing *Row v. State*, 680 S.W.2d 418 (Mo.App.1984).

Due process " 'does not require that the defendant, in pleading guilty, be informed

of each element of the crime in question *at the plea hearing* .... [F]or a plea to be knowing and voluntary, the defendant must be informed of the elements of the offense either at the plea hearing or on some prior occasion, and he must understand them.' " *Ivy v. State*, 81 S.W.3d 199, 205 (Mo.App.2002), quoting *Gaddy v. Linahan*, 780 F.2d 935, 944 (11th Cir.1986). A defendant can be so informed before the plea hearing, and "[m]ost commonly, his attorney provides such information." *Gaddy*, 780 F.2d at 944.

Movant does not challenge the motion court's findings that both the original and amended felony informations on which Movant was arraigned properly pleaded the element of "damage." The court also found that Movant and his counsel discussed the damage requirement and other elements of arson before the plea. This is amply supported by counsel's testimony at the motion hearing:

> Q  And over that time [during counsel's representation prior to the plea hearing], you had went over the actual charge with Mr. Myers;  is that right?
>
> A  Yes.
>
> Q  And did you feel as if you had explained the nature of the charge against him and all the elements of that offense?
>
> A  I believe so.
>
> Q  Specifically had you discussed with him the fact that some damage had occurred in regard to this arson case?
>
> A  I did.
>
> Q  And did you explain to him that that was an element of the offense against him?
>
> A  I believe I did.

since the motion court plainly reached the correct result on Point I, even if for the wrong

reason. *See Walker v. State*, 34 S.W.3d 297, 301 n. 5 (Mo.App.2000).

Movant confirmed under oath at the plea hearing that he understood the charge; he "set fire to the front porch of a house that was occupied by Tim Young;" and he was pleading guilty because he actually was guilty.

Based on this record, we are not definitely or firmly convinced that a mistake was made. Nor can we conclude the motion court clearly erred in finding Movant's plea was entered intelligently, voluntarily, and with a factual basis therefor. Finally, we note Movant's utter failure to demonstrate any prejudice. *Price,* 137 S.W.3d at 543 n. 6. Point II is denied. The judgment is affirmed.

RAHMEYER, P.J., and PARRISH, J., concurs.