STATE ex rel. Peter N. STERLING,
Public Defender, Relator,

v.

Honorable Douglas E. LONG, Judge,
Circuit Court, 25th Judicial
Circuit, Respondent.

No. 68031.

Supreme Court of Missouri,
En Banc.

Nov. 18, 1986.

Janet Thompson, Columbia, for relator.

William L. Webster, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

The only issue for resolution in this prohibition proceeding is whether the trial court can compel, under penalty of contempt, a *public defender* to represent an alleged indigent father in a civil contempt proceeding for failure to pay child support.

For the reasons expressed by this Court in *State ex rel. Marshall v. Blaeuer,* 709 S.W.2d 111 (Mo. banc 1986), the respondent judge had no authority to compel the State to expend public funds, by the appointment of a public defender, to defend the parent in the civil contempt proceeding. *See also State ex rel. Shaw v. Provaznik,* 708 S.W.2d 337 (Mo.App.1986).

Writ made absolute.

HIGGINS, C.J., and DONNELLY, WELLIVER, ROBERTSON and RENDLEN, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

BLACKMAR, Judge, dissenting.

I dissent, for the reasons stated in my dissenting opinions in *State ex rel. Marshall v. Blaeuer,* 709 S.W.2d 111 (Mo. banc 1986) and *State ex rel. Scott v. Roper,* 688 S.W.2d 757 (Mo. banc 1985).

A defendant cited for civil contempt may face imprisonment. If he is financially un-

---

able to afford counsel, he may not be imprisoned. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).[1]

The public defender argues, with some logic but more circularity, that the defendant may not be imprisoned for nonpayment of child support if he is indigent and so the appointment of counsel is unnecessary. The problem is that former spouses often are poles apart in their opinions as to the defendant's ability to pay. If that issue is a disputed issue of fact, the defendant should be required to make a preliminary showing of indigency. It is neither necessary or practicable to try the merits in order to determine whether counsel should be appointed.

I would withhold the rigid provisional and absolute rules in prohibition, issued grudgingly in most cases but, apparently, freely when the public defender is trying to restrict assignments, and would leave it to the trial court to decide whether the appointment of counsel is necessary and whether the public defender may appropriately be appointed.

---

**1.** *See Hunt v. Moreland*, 697 S.W.2d 326, 329    (Mo.App.1985).