In re Scott **ALBERS**, District Defender, Relator,

v.

The Honorable Robert **KOFFMAN**, Associate Circuit Judge, Respondent.

No. WD 44681.

Missouri Court of Appeals, Western District.

Sept. 17, 1991.

Scott Alan Albers, pro se.

William M. Chapman, Sedalia, for respondent.

Before LOWENSTEIN, C.J., and KENNEDY and FENNER, JJ.

FENNER, Judge.

Relator, Scott Albers, is the Public Defender for the 18th Judicial Circuit. In this action, Albers seeks to prohibit respondent, The Honorable Robert L. Koffman, from carrying out the court's order that Albers, in his capacity as Public Defender, represent a James Harms in a civil contempt

proceeding arising from alleged non-payment of child support.

Albers argues that the case of *State ex rel. Sterling v. Long*, 719 S.W.2d 455 (Mo. banc 1986) is controlling. In *Sterling*, the Missouri Supreme Court held that the trial court cannot compel, under penalty of contempt, a public defender to represent an alleged indigent father in a civil contempt proceeding for failure to pay child support. *Id.* The court reasoned in *Sterling* that a trial judge had no authority to compel the State to expend public funds, by the appointment of the public defender, to defend a party in a civil contempt proceeding. *Id.*

Respondent argues that the Missouri Supreme Court has overruled its position in *Sterling* by the court's decision in *Sullivan v. Dalton*, 795 S.W.2d 389 (Mo. banc 1990). In *Sullivan*, the court held that the trial judge acted within his discretion in appointing the public defender to represent an indigent defendant charged with a municipal ordinance violation where incarceration was sought. In *Sullivan*, the court noted that § 600.042.3, RSMo 1986, in regard to public defenders' duties, states in part:

> The director and defenders shall provide legal services to an eligible person:
>
> . . . .
>
> (4) For whom the federal constitution or the state constitution requires the appointment of counsel; and
>
> (5) For whom, in case [sic] in which he faces a loss or deprivation of liberty, any law of this state requires the appointment of counsel.

In *Sullivan*, the court reasoned that since Rule 37.50 required the appointment of counsel for a person charged with an ordinance violation, whose conviction would likely result in confinement, that counsel was required by law and that it was within the trial court's discretion to appoint the public defender. *Sullivan v. Dalton*, 795 S.W.2d at 390. The court noted that any strain on the public defender system by requiring public defenders to represent indigents accused of violating municipal ordi-

nances would have to be addressed by the General Assembly and that the General Assembly could prohibit certain representations by public defenders if it chose to do so. *Id.* at 390–391.

Subsequent to the court's opinion in *Sullivan*, the General Assembly amended § 600.042.3(5), effective April 16, 1991, to direct that "the director and the defenders shall not be required to provide legal services to persons charged with violations of county or municipal ordinances." This amendment abrogated the ruling in *Sullivan* and limited the duties of the public defender as those duties had been interpreted by the court in *Sullivan*. At the time the General Assembly amended § 600.042.3(5), the Missouri Supreme Court had specifically held in *State ex rel. Sterling v. Long*, that public defenders could not be compelled to represent a party in a civil contempt proceeding for alleged failure to pay child support.

The legislature is assumed to have known, at the time of its amendment to § 600.042.3(5), that the Missouri Supreme Court had ruled in *Sterling v. Long*, 719 S.W.2d at 455, that trial courts were without authority to appoint public defenders to represent parties in civil contempt proceedings for alleged failure to pay child support. *See, Nicolai v. City of St. Louis*, 762 S.W.2d 423, 426 (Mo. banc 1988). Although the amendment to § 600.042.3(5) abrogated the court's holding in *Sullivan*, the court's ruling in *Sterling* was not modified.

The Court of Appeals does not have the authority or the option to accept or reject holdings of the Missouri Supreme Court. *Shroyer v. McCarthy*, 769 S.W.2d 156, 161 (Mo.App.1989). The Missouri Supreme Court's holding in *Sterling* was clear and unequivocal. The trial court is without authority to appoint a public defender to represent a party in a civil contempt proceeding for alleged failure to pay child support. *State ex rel. Sterling v. Long*, 719 S.W.2d at 455.[1]

Writ made absolute.

1. The dissent herein interprets the majority opinion to hold that an indigent person may be imprisoned without the benefit of a lawyer. We do not specifically address that question or so

ULRICH, J., concurs.

LOWENSTEIN, C.J., dissents in separate opinion.

LOWENSTEIN, Chief Judge, dissenting.

I respectfully file this dissent.

I believe the categorization of jailing here as "civil" matter as opposed to a "criminal" matter creates a legal distinction without a difference that is oft times as difficult to justify as the debates between what are "governmental" and "proprietary" functions. No matter the legal denomination used to describe the events here, the indigent person will be behind bars without the benefit of a lawyer.

Section 600.042.3(4) requires the public defender to provide legal services to anyone "whom the federal constitution ... requires appointment of counsel."

In *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Supreme Court said the Sixth Amendment right to counsel was not abridged by the classification of the offense. *Id.* at 38–39, 92 S.Ct. at 2013–14. In the cases at bar, as in *Argersinger*, the person standing before the court were going to jail, it should make no difference whether incarceration is civil or criminal, or for petty or misdemeanor charges. *Id.* at 37 and 39, 92 S.Ct. at 2012 and 2014. Even later in *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the underlying principle of *Argersinger* was reiterated—where a case leads to even a brief imprisonment, federal constitutional rights include the right to counsel. *Id.* at 373, 99 S.Ct. at 1161–62.

An indeterminate sentence on contempt and the intricacies of the judgment and order of contempt call for a lawyer. That being the case, the only remaining question is will the appointed lawyer be a public defender or private counsel. *Cf. Sullivan*

hold. We merely follow the ruling of the Missouri Supreme Court in *Sterling* that the court is without authority to appoint the *public defender*

*v. Dalton,* 795 S.W.2d 389, 390–91 (Mo. banc 1990). Either alternative is not a happy solution, especially for a non-support paying father, but such is the mandate of Supreme Court interpretation of the Sixth and Fourteenth Amendments. I would quash the writ.