**In re Scott ALBERS, District Defender, Relator,**

**v.**

**The Honorable Robert KOFFMAN, Associate Circuit Judge, Respondent.**

**No. WD 44682.**

Missouri Court of Appeals, Western District.

Sept. 17, 1991.

Scott Alan Albers, Public Defender, Sedalia, for relator.

William M. Chapman, Sedalia, for respondent.

Before LOWENSTEIN, C.J., and KENNEDY and FENNER, JJ.

FENNER, Judge.

Relator, Scott Albers, is the Public Defender for the 18th Judicial Circuit. In this action, Albers seeks to prohibit respondent, The Honorable Robert L. Koffman, from carrying out the court's order that Albers, in his capacity as Public Defender, represent a Frank Williams in a civil contempt proceeding arising from alleged non-payment of child support.

to represent a party in a civil contempt proceeding for alleged failure to pay child support.

This case presents an identical issue based upon the same facts as were presented in *In Re Scott Albers v. The Honorable Robert Koffman*, 815 S.W.2d 484 (Mo.App. 1991), decided concurrently herewith. For the reasons fully set forth in said case, the writ herein is made absolute.

ULRICH, J., concurs.

LOWENSTEIN, C.J., dissents in separate opinion.

LOWENSTEIN, Chief Judge, dissenting.

I respectfully file this dissent.

I believe the categorization of jailing here as "civil" matter as opposed to a "criminal" matter creates a legal distinction without a difference that is oft times as difficult to justify as the debates between what are "governmental" and "proprietary" functions. No matter the legal denomination used to describe the events here, the indigent person will be behind bars without the benefit of a lawyer.

Section 600.042.3(4) requires the public defender to provide legal services to anyone "whom the federal constitution . . . requires appointment of counsel."

In *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Supreme Court said the Sixth Amendment right to counsel was not abridged by the classification of the offense. *Id.* at 38–39, 92 S.Ct. at 2013. In the cases at bar, as in *Argersinger*, the person standing before the court were going to jail, it should make no difference whether incarceration is civil or criminal, or for petty or misdemeanor charges. *Id.* at 37 and 39, 92 S.Ct. at 2012, and 2013. Even later in *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the underlying principle of *Argersinger* was reiterated—where a case leads to even a brief imprisonment, federal constitutional rights include the right to counsel. *Id.* at 373, 99 S.Ct. at 1162.

An indeterminate sentence on contempt and the intricacies of the judgment and order of contempt call for a lawyer. That being the case, the only remaining question is will the appointed lawyer be a public defender or private counsel. *Cf. Sullivan v. Dalton*, 795 S.W.2d 389, 390–91 (Mo. banc 1990). Either alternative is not a happy solution, especially for a non-support paying father, but such is the mandate of Supreme Court interpretation of the Sixth and Fourteenth Amendments. I would quash the writ.