

# SUPREME COURT OF MISSOURI
# en banc

STATE OF MISSOURI, )
                                              )
                **Appellant,** )
                                              )
**v.** )      No. SC94668
                                              )
**DENNIS E. MEACHAM,** )
                                              )
                **Respondent.** )
                                              )

### APPEAL FROM THE CIRCUIT COURT OF JEFFERSON COUNTY
**The Honorable Troy Cardona, Judge**

*Opinion issued October 13, 2015*

Dennis Meacham (Father) was charged with criminal nonsupport in violation of section 568.040, RSMo Supp. 2011. He filed a motion to dismiss the information as a violation of his due process rights under the United States and Missouri constitutions. He argues that the 2011 amendment to the statute, which removed the phrase "without good cause" as an element of the offense, and instead expressed it as an affirmative defense, impermissibly shifted the burden of proof to the defendant on an element of the crime. The trial court agreed and dismissed the information. The State now appeals, contending that the statute is constitutional because due process allows a defendant to bear the

burden of pleading and proving the affirmative defense of inability to provide support for

good cause. This Court agrees. The judgment is reversed, and the case is remanded.

**Background and Procedural History**

Father was charged with criminal nonsupport in violation of section 568.040,

RSMo Supp. 2011. The information stated that although Father was obligated to provide

support for his three children under an order of support issued by the Family Support

Division, he knowingly failed to make child support payments for the months of April

2012 through March 2013.[1] In the probable cause statement, Father's ex-wife attested

that despite Father having been ordered to pay $715 per month, he was in arrears in

excess of 12 months and had not provided any non-monetary support for the children.

Father filed a motion to dismiss the information and to declare section 568.040.1

unconstitutional under the Due Process Clause of the 5th and 14th amendments to the

United States Constitution and article I, section 10 of the Missouri Constitution. The trial

court granted the motion, dismissed the information, and held that sections 568.040.1, 3,

and 4 were unconstitutional. It held that the 2011 amendment to the statute, which

removed the phrase "without good cause" as an element of the offense, created a

mandatory presumption that a defendant has the ability to provide support—a

presumption that the defendant must affirmatively disprove by showing good cause. It

stated that this change effectively removed criminal intent from the statute, requiring the

---

[1] While the existence of a child support order is not conclusive as to what constitutes adequate support under the statute, it is some evidence of adequate support. *State v. Claycomb*, --- S.W.3d ---, 2015 WL 3979728 (No. SC94526) (Mo. banc 2015).

State to prove only that a defendant (1) knew there was a support obligation and (2) did not provide support. The State appeals.[2]

**Standard of Review**

A constitutional challenge to a statute is a question of law, which this Court reviews *de novo*. *State v. Young*, 362 S.W.3d 386, 390 (Mo. banc 2012). Statutes are presumed valid and will be construed in favor of constitutional validity. *Glossip v. Mo. Dept. of Transp. And Highway Patrol Employees' Ret. Sys.*, 411 S.W.3d 796, 801 (Mo. banc 2013). The statute will be invalidated if the challenger proves that it clearly and undoubtedly violates a constitutional provision. *Id.*

**Analysis**

Father was charged with criminal nonsupport under section 568.040, which provides, in relevant part:

> 1. . . . [A] parent commits the crime of nonsupport if such parent knowingly fails to provide adequate support which such parent is legally obligated to provide for his or her child or stepchild . . . .
>
> * * *
>
> 3. Inability to provide support for good cause shall be an affirmative defense under this section. A person who raises such affirmative defense has the burden of proving the defense by a preponderance of the evidence.

"Good cause" is defined as "any substantial reason why the defendant is unable to provide adequate support." Section 568.040.2(2).

---

[2] This Court has exclusive jurisdiction over the appeal because it challenges the constitutional validity of a statute. MO. CONST. art. V, sec. 3.

To place the issues in context, a brief history of section 568.040 is helpful. Prior to 2009, paragraph 1 of section 568.040 defined criminal nonsupport as "knowingly fail[ing] to provide, *without good cause*, adequate support which such parent is legally obligated to provide . . . ." Section 568.040.1, RSMo 2000 (emphasis added). In 2009, without changing the definitional elements of nonsupport in paragraph 1, the legislature amended paragraph 3 to add that "inability to provide support for good cause" was an affirmative defense that the defendant must raise and prove by a preponderance of the evidence. Section 568.040.3, RSMo Supp. 2009.

The 2009 amendment was challenged and upheld in *State v. Holmes*, 399 S.W.3d 809 (Mo. banc 2013). In *Holmes*, the defendant argued that because "fail[ure] to provide, without good cause, adequate support" was an element of nonsupport in paragraph 1, yet "inability to pay for good cause" was an affirmative defense in paragraph 3, the statute unconstitutionally required a defendant to disprove an element of the offense. *Id.* at 813. This Court disagreed and upheld the statute:

> Rather than interpret this duplication to make lack of good cause an element and then nonsensically impose the burden of disproving it on the defendant while characterizing it as a defense rather than an element, the most logical interpretation in the circumstances is to interpret it as requiring the State to prove lack of good cause while at the same time permitting the defendant to offer additional proof that he has good cause.

*Id.* at 814. Despite the confusion the 2009 amendment created, *Holmes* found that the legislature was constitutionally permitted to draft the statute in a manner that addressed "good cause" in overlapping ways. *Id.* In attempting to clarify legislative intent, the Court speculated that the legislature may have intended for "good cause" to be an

4

affirmative defense rather than an element of the offense. *Id.* at 813. This objective could have been accomplished, the Court stated in dicta, if the legislature had removed the phrase "without good cause" from the elements of the crime in paragraph 1 at the same time it added the affirmative defense to paragraph 3. *Id.* at 814.

Indeed, that is what the legislature did in 2011. The 2011 amendment, which was in effect when Father was charged in 2014, removed the phrase "without good cause" from the elements in paragraph 1 but retained "inability to provide support for good cause" as an affirmative defense.[3] *Holmes*, 399 S.W.3d at 814. As such, criminal nonsupport may occur when a parent "knowingly fails to provide adequate support." Because the 2009 version of section 568.040 governed in *Holmes*, the Court specifically declined to discuss the constitutional validity of the 2011 amendment. *Id.* at 814 n.3. That is the question now before the Court.

The State argues the trial court's judgment finding a due process violation was in error. It contends that the concept of good cause under the 2011 amendment is expressed as an affirmative defense, and that due process permits a defendant to bear the burden of proof on affirmative defenses. It argues that when "without good cause" was removed as an element in 2011, no mandatory presumption of ability to pay resulted nor was there any other criminal intent implied in the statute apart from "knowingly." Father counters that the trial court was correct and that, due to a legislative purpose to punish only

---

[3] The *Holmes* decision mistakenly referred to this amendment as having taken place in 2012. The amendment was actually effective August 28, 2011, and included in the 2011 cumulative supplement to the Revised Missouri Statutes.

5

recalcitrant parents, the ability to provide support must be an implied element of the offense. He contends that it is not the knowing failure to support that invokes liability but, instead, the knowing failure coupled with the ability to support.

Father's argument is misplaced as it is squarely at odds with the plain language of section 568.040. After the 2011 amendment, "without good cause" is not a definitional element of criminal nonsupport. Rather, the culpable mental state is "knowingly," and there is no requirement that a defendant act with criminal intent. Father may well believe that it is a bad policy to allow the knowing failure to provide support alone to be sufficient for criminal liability because the purpose of section 568.040 is to punish only recalcitrant parents. Yet it is precisely that purpose that is addressed by the legislature's choice to provide the financially unable parent with the affirmative defense of good cause. Missouri is not alone in structuring its statute in this manner.[4] Regardless of the wisdom of the policy, Father has offered no compelling authority why the legislature was *constitutionally prohibited* from defining "nonsupport" as the knowing failure to provide adequate support. This Court agrees with the State and finds that "without good cause" is

---

[4] Language similar to "without good cause," expressed as an element of the offense, or "inability to provide support for good cause," as an affirmative defense, is recognized by the criminal nonsupport statutes in all 50 states and the District of Columbia as necessary to differentiate "deadbeat parents from dead broke parents." *See* Maureen Atwell, *The Use of Social Media Evidence in Criminal Child Support Prosecutions*, 7 PHOENIX L. REV. 1, 9 (2013) (internal quotations omitted). Today, Missouri and nine other states elect to express the idea of good cause, in some fashion, as an affirmative defense for the defendant to prove: Arizona, Arkansas, Connecticut, Delaware, Minnesota, Nevada, Ohio, Oregon, and Utah.

not an implied element of section 568.040. As a result, the burden of proof was not shifted to Father on any element of the offense.[5]

The question then remains whether it is permissible for the legislature to place the burden of proof on a defendant to plead and prove by a preponderance of the evidence the affirmative defense of inability to provide support for good cause. The answer clearly is yes. In *Patterson v. New York*, the United States Supreme Court noted that at common law, the burden of proving affirmative defenses, as well as all "circumstances of justification, excuse or alleviation" rested on the defendant. 432 U.S. 197, 202 (1977) (quoting 4 W. Blackstone, Commentaries *201). *Patterson* held that the Due Process Clause was not violated by placing the burden on the defendant to prove, in a second-degree murder case, the affirmative defense of acting under the influence of extreme emotional distress. *Id.* at 205-06. It stated that "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required," and that the State was not required to disprove "every fact constituting any and all affirmative defenses related to the culpability of an accused." *Id.* at 210. This analysis

---

[5] Father's reliance on the United States Supreme Court decision of *Hicks v. Feiock* is misplaced. 485 U.S. 624 (1988). In *Hicks*, the defendant challenged California's civil contempt statute after he was held in contempt for failing to comply with a court order to make child support payments. *Id.* at 626. A California state court had previously interpreted the statute and found that "inability to comply" was not an affirmative defense but, rather, was an element of contempt that the statute required the contemnor to prove. *Id.* at 629. The Supreme Court remanded the case to determine whether the contempt proceeding was criminal or civil, but it suggested that the statute, as construed by the California court, would violate due process if applied in a criminal proceeding. *Id.* at 637, 641. Father relies on this dicta. However, the Supreme Court made it clear that it was deferring to the California court's interpretation of its own statute. That interpretation is inapposite to section 568.040, in which "without good cause" is not an element of the crime and "inability to provide support for good cause" is explicitly listed as an affirmative defense. *Hicks* does not assist Father.

is consistent with Missouri law. *See* Section 556.056(2) (defendant has the burden of persuasion that an affirmative defense is more probably true than not); *State v. Strubberg*, 616 S.W.2d 809, 816 n.6 (Mo. banc 1981) (defendant bears burden of production and persuasion on affirmative defense).

## Conclusion

Section 568.040 is fully compliant with constitutional standards of due process. The judgment of the trial court is reversed, and the case is remanded.

_____
Mary R. Russell, Judge

All concur.