

## Missouri Court of Appeals
### Southern District

### In Division

STATE OF MISSOURI ,                    )
                                       )
                   Respondent,         )
                                       )    No. SD 37560
        v.                             )
                                       )    **Filed:  December 4, 2023**
SEBASTIAN A. RUST,                     )
                                       )
                   Appellant.          )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jerry A. Harmison, Judge

**AFFIRMED**

Sebastian Rust was found guilty of misdemeanor nonsupport[1] and sentenced to 180 days in the county jail.  The trial court suspended the execution of that sentence and placed Rust on probation with a condition that he pay $250 per month toward his outstanding child support arrearage.  Rust contends that his conviction is not supported by substantial evidence.

We review to determine whether sufficient evidence was presented from which the fact-finder reasonably could have found Rust guilty.  **State v. Barton**, 552 S.W.3d 583, 586 (Mo.App. 2018).  In doing so, we do not re-weigh the evidence.  **Id.**  We must accept

---

[1] Section 568.040.  Statutory references are to RSMo Cum. Supp. (2017).

as true all the evidence and reasonable inferences that support the finding of guilt and ignore all contrary evidence and inferences. *Id.* "The assessment is *not* whether this Court believes that the evidence established guilt beyond a reasonable doubt but, rather, whether, in light of the evidence most favorable to the verdict, any rational fact-finder could have found guilt beyond a reasonable doubt." *Id.* at 586-87.

"[A] parent commits the offense of nonsupport if such parent knowingly fails to provide adequate support which such parent is legally obligated to provide for his or her child or stepchild who is not otherwise emancipated by operation of law." Section 568.040.1.

Rust first argues the state did not show he was legally obligated to provide support because no finding of paternity was made, no judicial order or birth certificate was offered into evidence, and testimony from the state's witness did not establish a presumption of paternity.

This argument conflates a burden to prove paternity with the burden to prove the existence of a legal child support obligation. This is a criminal nonsupport case, not a civil parentage action or other proceeding to establish parentage and support. "[W]hether the defendant is truly the biological father of the child is irrelevant." *State ex rel. Sanders v. Sauer*, 183 S.W.3d 238, 240 (Mo. banc 2006). Rust could not escape criminal liability for nonsupport even if he had proven he was not the child's biological father. *State ex rel. Dally v. Copeland*, 986 S.W.2d 943, 946 (Mo.App. 1999).

In a criminal nonsupport case, the state can meet this burden by showing the defendant had knowledge of the legal obligation to provide support in an adequate amount for the child. *State v. Orando*, 284 S.W.3d 188, 191 (Mo.App. 2009). It is the existence of a civil child support order and its knowing violation that the state must show

2

beyond a reasonable doubt in order to convict Rust; the state need not prove that the underlying facts giving rise to the order are true beyond a reasonable doubt. ***Sauer***, 183 S.W.3d at 240. "Missouri law is well-settled that 'a complete failure to pay child support is evidence of failure to pay adequate support.'" ***State v. Claycomb***, 470 S.W.3d 358, 363 (Mo. banc 2015) (quoting ***State v. Holmes***, 399 S.W.3d 809, 815 (Mo. banc 2013)), *as modified* (Aug. 4, 2015).

The state's witness testified that Rust was the child's father and that Rust had been ordered to pay support for the child beginning in 2007. The state also submitted its official ledger of Rust's child support payments, which showed he made no payments whatsoever during the dates alleged in the Information. The court was entitled to credit this testimony and evidence, which it received without objection,[2] and find that Rust was legally obligated to support the child but knowingly failed to do so between the dates alleged in the Information.

Rust next attempts to argue that he had good cause for not paying support because he was indigent, as demonstrated by the court's determination of indigency and appointment of counsel to represent Rust in the nonsupport proceedings. We reject this argument for three reasons.

First, "[a]fter the 2011 amendment [of § 568.040], 'without good cause' is not a definitional element of criminal nonsupport." ***State v. Meacham***, 470 S.W.3d 744, 747 (Mo. banc 2015). Inability to provide support for good cause is an affirmative defense,

---

[2] Rust implies that witness testimony cannot establish the existence of a support order or the presence of his name on the child's birth certificate unless those documents are offered into evidence. This is a best evidence objection never made at trial and not preserved for appellate review. The only claim of error before us is that the judgment is not supported by substantial evidence.

which the defendant bears the burden to raise and prove by a preponderance of the evidence. Section 568.040.3. This burden includes both the burden of production and the burden of persuasion. **Barton**, 552 S.W.3d at 587.

"[A]n affirmative defense does not negate any of the essential elements that the state must prove in order to convict a defendant." **State v. Jones**, 519 S.W.3d 818, 825 (Mo.App. 2017) (citing **State v. Faruqi**, 344 S.W.3d 193, 201 n.3 (Mo. banc 2011)). Whether the state carried its burden to produce sufficient evidence for each essential element of the charged offense is a distinct and separate question from whether Rust carried his burden to persuade the court on his affirmative defense. **Id.** Because good cause is an affirmative defense on which Rust bore the burden of proof, the state was not required to disprove the affirmative defense. **Meacham**, 470 S.W.3d at 748. On appeal, we must ignore even uncontradicted evidence of Rust's affirmative defense, as we are required to view all evidence and inferences in a light most favorable to the judgment. **State v. Flores-Martinez**, 654 S.W.3d 402, 414 (Mo.App. 2022). We are not permitted to reweigh evidence and we are required to disregard all evidence and inferences that are contrary to the judgment. **Id.**

Second, a determination of indigency for purposes of counsel appointment does not, as a matter of law, establish good cause under § 568.040.3 for a parent not to provide adequate support. As hypothesized in **State ex rel. Family Support Div.-Child Support Enf't v. Lane**, 313 S.W.3d 182, 187 n.8 (Mo.App. 2010), a defendant may be capable of paying support yet be found indigent under the standards for appointment of counsel. *See also* **State v. Degraffenreid**, 877 S.W.2d 210, 214 (Mo.App. 1994) (qualification to receive governmental food assistance does not constitute sufficient evidence that the defendant is unable to provide adequate child support).

4

Finally, the appointment of counsel for litigants facing potential deprivation of liberty or another constitutionally-protected right does not excuse an existing duty to support a child. Indigent parents in cases involving the termination of their parental rights routinely receive the benefit of appointed counsel at trial and on appeal, yet those appointments do not preclude adjudications of abandonment or neglect based – at least in part – on evidence that the parent failed to support the child. *See, e.g.*, ***Int. of A.R.B.***, 586 S.W.3d 846 (Mo.App. 2019) (affirming termination of parental rights on grounds of abandonment and neglect after hearing at which indigent, incarcerated parent was represented by appointed counsel).

The state's evidence satisfied the elements required by § 568.040 for a conviction of misdemeanor nonsupport, and the circuit court was not obligated to believe Rust's affirmative defense. Point denied. Judgment and conviction affirmed.

JACK A. L. GOODMAN, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS